**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2969
_____

ROHIT ATMARAM PATEL,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent


On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A70-583-657)
Immigration Judge: Honorable Donald V. Ferlise

_____

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2010

Before: McKEE, <u>Chief</u> <u>Judge</u>, HARDIMAN and COWEN, <u>Circuit Judges</u>

(Opinion filed July 28, 2010)
_____

OPINION
_____

PER CURIAM

    Rohit Atmaram Patel seeks review of the Board of Immigration Appeals' ("BIA")

denial of his motion to reopen proceedings. Because we conclude that the BIA did not

abuse its discretion in denying that motion, we will deny Patel's petition for review.

I.

Petitioner Rohit Atmaram Patel, a citizen of India, entered the United States in December 1992. He applied for asylum, claiming that, as a Hindu, he had a fear of religious persecution by Muslims. Patel was directed to appear before an Immigration Judge ("IJ") in July 1998. He failed to appear for his hearing, and the IJ ordered him removed in absentia.

In August 2001, Patel, through counsel, filed a motion to reopen removal proceedings with the IJ, arguing that he was now married to a United States citizen, that he had an infant United States citizen child, and that he was afraid to return to India because of changed country conditions. He also explained that he had failed to attend the 1998 hearing because he had recently had eye surgery and that he had tried to inform the judge that he would be unable to attend.[1] He added that he had only received "constructive notice" of the removal order, but not "actual" notice of the order itself. (A.R. 394, 399.) The IJ rejected each of his arguments and denied the motion in October 2001.

Patel appealed to the BIA, and attached an application to adjust his status based on his marriage to a United States citizen. The BIA dismissed his appeal in November 2002,

_____

[1] Patel mailed a letter one day before the scheduled hearing to the IJ regarding his eye surgery. The IJ did not receive the letter until several days after issuing the removal order. (A.R. 395-396, 426.)

2

noting that his request for an adjustment of status was untimely. See Matter of M-S-, 22 I. & N. Dec. 349 (BIA 1998). In December 2002, Patel filed a timely motion to reconsider with the BIA. He argued that the BIA erred in finding that he failed to present evidence of changed country conditions, that he would qualify for adjustment of status if the proceedings were reopened, and that he had not received actual notice of the 1998 hearing. (A.R. 264-266.) The BIA found no error in its prior decision and denied the motion.

Patel filed his most recent counseled motion to reopen with the BIA in April 2009. He acknowledged his motion was untimely, and requested that the BIA use its sua sponte authority to reopen proceedings based on the demonstrated strong support of his community and his marriage to a United States citizen and their two young citizen children, one of whom suffers from a serious medical condition. On June 26, 2009, the BIA denied the motion, finding that it was untimely and that it did not fall into any of the statutory or regulatory exceptions to the time limits for filing motions to reopen. The BIA also determined Patel had failed to demonstrate any exceptional circumstances that would warrant the exercise of its sua sponte authority to reopen. Patel filed a timely petition for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the denial of Patel's motion to reopen. Our jurisdiction, however, does not extend to that aspect of the order

in which the BIA declined to reopen sua sponte. See Cruz v. Att'y Gen., 452 F.3d 240, 249 (3d Cir. 2006); Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir. 2003).[2] Thus, our jurisdiction is limited to the BIA's decision to deny Patel's motion as untimely. We review that ruling for abuse of discretion and may disturb it only if it is "'arbitrary, irrational, or contrary to law.'" Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006) (citation omitted).

In general, motions to reopen must be filed within ninety days from the date "the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). This time limitation does not apply if the movant seeks reopening "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

### III.

Patel claims that the BIA abused its discretion when it denied his motion to reopen. He raises three arguments: (1) that the increasing religious violence in India between Hindus and Muslims constitutes changed country conditions; (2) that he never received notice for the 1998 hearing because of confusion caused by a change in address,

---

[2] We have recognized an exception to this principle when the BIA has announced and followed a policy that governs its otherwise unfettered discretion to reopen sua sponte. See Cruz, 452 F.3d at 249; Calle-Vujiles, 320 F.3d at 475. Patel does not suggest that there is any such policy applicable in this case, and we are aware of none.

which exempts him from the time limits for filing a motion to reopen; and (3) that his prior immigration counsel failed to raise the change of address confusion issue in his motion to reopen with the IJ and his resulting appeal and motion to reconsider to the BIA.

Patel first argues that changed country conditions in India exempt him from the time limits for filing a motion to reopen. The government notes that Patel did not raise the issue in his 2009 motion, and contends that the claim is unexhausted. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). However, Patel did raise the issue in his previous filings to the BIA, which denied the claim in its dismissal of Patel's appeal from the order of removal and its denial of his motion to reconsider. See Popal v. Gonzales, 416 F.3d 249, 253 (3d Cir. 2005) (the purposes of exhaustion are met when the issues have been fairly presented to the BIA). Though the issue is exhausted, it is not properly before us, because Patel never petitioned for review from either of the prior BIA decisions. Even if the issue were properly before us, we find no reason to disturb the BIA's findings. Patel relies on a 2000 State Department country report, which states that Hindus comprise an eighty-two percent majority of the population and that Hindus have also been perpetrators of religious violence against minorities, including Muslims. (A.R. 329-377.) Furthermore, as the BIA determined, Patel fails to show that the Indian government would be unwilling or unable to protect him from violence by Muslims.

Patel next claims that confusion surrounding his correct address prevented him

from receiving the notice to appear for the 1998 removal hearing and notice of the order of removal. He states that he moved after his eye surgery in 1998 to a new address, and that a friend notified the immigration court of the change. He argued to the BIA that he did not receive notice of the removal order until 2001, and that, as a result, he should be exempted from the 180-day limit for filing a motion to reopen based upon a failure to appear. See 8 U.S.C. § 1229a(b)(5)(C). However, § 1229a(b)(5) refers to notices to appear, not to notice of a final order of removal. Patel offers nothing to convince us that the BIA's assessment of this claim was an abuse of discretion.

Patel also argues that he never received the notice to appear because the asylum office mailed it to an incorrect address in New Jersey. Patel offers a referral notice from the asylum office in Lyndhurst, New Jersey, addressed to him at a New Jersey address, that notifies him that his asylum application was rejected and that his case was being referred to an IJ. (A.R. 172-175.) However, the notice to appear, dated March 10, 1998, shows that service was made in person and by mail to what Patel describes as his "old" Pennsylvania address on April 2, 1998. (A.R. 471-472.) A reminder notice explaining the consequences of failing to attend the hearing was sent to the same address on April 6, 1998. (A.R. 468-469). Furthermore, Patel must have been aware of the time and place of his removal hearing in order to request a continuance, albeit too late. Accordingly, Patel's argument that he never received notice of the hearing is without merit.

Finally, without making an express ineffective assistance of counsel claim, Patel

6

states that his prior attorney failed to raise the issue regarding his change of address and the alleged resulting notice defects. It does not appear that Patel properly exhausted this claim before the BIA, and, as such, we lack jurisdiction. See Abdulrahman, 330 F.3d at 594-95. Even if he did exhaust the claim, his statement regarding his attorney's performance alone fails to satisfy the requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988).

IV.

For the foregoing reasons, we will deny the petition for review.